J-A28010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CHANIEKA GRAHAM NELSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FITZROY A. NELSON | : | No. 659 EDA 2024 |

Appeal from the Order Entered February 5, 2024
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No:  2104V7173

BEFORE:  PANELLA, P.J.E., STABILE, J., and NICHOLS, J.

DISSENTING MEMORANDUM BY STABILE, J.:    **FILED FEBRUARY 25, 2025**

I respectfully dissent from the Majority's decision.  In my view, the Majority has failed to recognize that the Protection from Abuse Act (PFA Act). and the Protection of Victims of Sexual Violence or Intimidation Act (PVSVIA) have different standards to be applied when a judge determines if an extension of a protective order is warranted under the Protection from Abuse Act (PFA Act).  As explained by our Supreme Court in **K.N.B. v. M.D.**, 259 A.3d 341, 351 (Pa. 2021), a protective order issued pursuant to the PFA Act may provide relief from actual harm or a reasonable fear of such harm (an objective standard), while the Protection of Victims of Sexual Violence or Intimidation Act (PVSVIA) may afford relief from a subjective fear.  Since the trial court in the present case correctly applied an objective test in denying an extension of a PFA order, I would affirm that ruling.

Subsection 6108(e)(1)(i) of the PFA Act permits an extension of a protective order where the court finds "**that the defendant committed one or more acts of abuse subsequent to the entry of the final order or that the defendant engaged in a pattern or practice that indicates continued risk of harm to the plaintiff or minor child**." 23 Pa.C.S.A. § 6108(e)(1)(i) (emphases added).

Appellant, Chanieka Nelson, argues that the requirements of the above provision may be satisfied by her own subjective fear of harm, regardless of whether that fear is reasonable. Both she and the Majority rely primarily on **K.N.B.** as authority which supports the application of this proposed standard to the PFA Act. However, **K.N.B.** stands for the exact opposite proposition.

At issue before our Supreme Court in **K.N.B.** was whether the PVSVIA[1] allows a protective order to be extended "based solely on the victim's subjective fear of harm," regardless of the defendant's intent. **K.N.B.**, 259 A.3d at 347. The PVSVIA provides that a protective order may be extended where the plaintiff can show that she "is at a continued risk of harm":

> (a) General rule.--Within ten business days of the filing of a petition under this chapter, a hearing shall be held before the court where **the plaintiff must**:
>
> (1) assert that the plaintiff or another individual, as appropriate, is a victim of sexual violence or intimidation committed by the defendant; and

---

[1] Protection of Victims of Sexual Violence or Intimidation Act, 42 Pa.C.S.A. §§ 62A06-62A20.

> (2) **prove by preponderance of the evidence that the plaintiff or another individual, as appropriate, is at a continued risk of harm from the defendant**.

42 Pa.C.S.A. § 62A06(a) (emphases added). The definitions section of the PVSVIA does not define either "harm" or "abuse." **See** 42 Pa.S.C.A. § 62A03.

One of the defendant's main arguments for adopting an objective standard with respect to the PVSVIA in **K.N.B.** was that the General Assembly already had included a reasonableness test in a related statute, the PFA Act. **See id**., at 351. Crucially, our Supreme Court **agreed** with the defendant's premise that, under the PFA Act, unlike the PVSVIA, the showing of a "continued risk of harm" required for a protective order must be based on the plaintiff's objectively reasonable fear:

> M.D. also emphasizes that the [PFA Act] defines "abuse" to include, among other things, "[p]lacing another in **reasonable** fear of imminent serious bodily injury." 23 Pa.C.S. § 6102(a) (emphasis added). But that fact actually weakens M.D.'s argument, since it demonstrates that **the General Assembly, in a statute that predates the PVSVIA, knew exactly how to convey that a plaintiff's fear of harm must be objectively reasonable to support the issuance of a protective order**. Unlike the [PFA Act], however, the PVSVIA contains no such limitation. It requires only an assertion of sexual violence or intimidation combined with proof that the plaintiff (or some other person) "is at a continued risk of harm from the defendant." 42 Pa.C.S. § 62A06(a).

**K.N.B.**, 259 A.3d at 351 (emphases added); **see also id**., at 354 (Saylor, J., concurring) ("It is true that, unlike with [PFA] proceedings, the General Assembly did not state [in the PVSVIA] that, as a prerequisite to relief the

plaintiff must have a 'reasonable' fear of continuing harm from the defendant.").

Indeed, the definitions section of the PFA Act makes it clear that the General Assembly contemplated that victims would only be entitled to protection from "abuse" in the form of "fear" that is objectively "reasonable":

> **"Abuse."** The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:
>
> * * * *
>
> **(2) Placing another in <u>reasonable</u> fear of imminent serious bodily injury.**
>
> * * * *
>
> **(5) <u>Knowingly engaging in a course of conduct or repeatedly committing acts toward another person</u>, including following the person, without proper authority, under circumstances <u>which place the person in reasonable fear</u> of bodily injury.**

23 Pa.C.S.A. § 6102(a) (emphases added).

As shown in the language quoted above, the **_K.N.B._** Court rejected the defendant's argument because, despite being "counterpart" statutes, the PFA Act and the PVSVIA differ in a fundamental way. That is, the PFA Act's definitions make it clear that the propriety of a protective order must be assessed under an objective standard. **_See K.N.B._**, 259 A.3d at 351. Our Supreme Court reasoned that the PFA's objective standard was so obvious, in fact, that the absence of similar language in the PVSVIA could only mean that the General Assembly meant to impose a subjective standard for the latter,

- 4 -

subsequently enacted, statute. *See K.N.B.*, 259 A.3d at 351; *see also id*., at 354 (Saylor, J., concurring). Thus, the reasoning of *K.N.B.* compels affirmance in the present case, not reversal.

Chanieka Nelson takes an alternative position that, even if the PFA employs an objective test for an initial PFA order, an extension of a PFA order may be granted under a more lenient, subjective standard, upon a showing of "non-abusive behavior." She suggests that since section 6108(e)(1)(i) of the PFA Act has no requirement that a "continued risk of harm" must be objectively reasonable, and other sections of the PFA Act do have such a requirement, the General Assembly must have intended for a "continued risk of harm" to be established under a subjective standard, based on conduct that falls short of the statutory definition of abuse. *See* Appellant's Brief, at 7-13.

This alternative ground is unpersuasive. As previously discussed, our Supreme Court in *K.N.B.* already has equated a course of conduct resulting in a "continued risk of harm" with a form of "abuse" under the PFA Act which must, under the statute's definitions, cause the plaintiff "reasonable fear." 23 Pa.C.S.A. § 6102 (definition of "Abuse"); *see also K.N.B.*, 259 A.3d at 351.

Moreover, in my reading of these provisions, both an initial PFA order, or an extension, clearly must be supported by abuse in the form of a plaintiff's fear that is objectively reasonable. "Abuse" is defined in the Act, in relevant part, as "[p]lacing another in reasonable fear of imminent serious bodily," or "[k]nowingly engaging in a course of conduct or repeatedly committing acts

- 5 -

toward another person . . . under circumstances which place the person in reasonable fear of bodily injury."  23 Pa.C.S.A. § 6102(a).

The latter definition of abuse in section 6102(a)(5) closely tracks the requirements for an extension of a PFA order in section 6108(e)(1)(i):

> (5) **Knowingly engaging in a course of conduct or repeatedly committing acts toward another person** . . . **under circumstances which place the person in reasonable fear of bodily injury**.

23 Pa.C.S.A. § 6102(a) (emphasis added).

> (i) . . .  **[T]he defendant engaged in a pattern or practice that indicates continued risk of harm to the plaintiff**[.]

23 Pa.C.S.A. § 6108(e)(1) (emphasis added).

There is no meaningful difference in the phrasing of how "abuse" is defined in the PFA Act, and when a PFA order may be extended.  An extension of a PFA order must therefore be supported by a plaintiff's reasonable fear that a defendant's course of conduct puts her at risk of physical harm.

To the extent that the PFA Act is ambiguous as to whether a "continuing risk of harm" is impliedly excluded from the definition of "abuse," and subject to a different standard of proof, we may consider the issue as a matter of statutory interpretation under a *de novo* standard of review.  ***See Shafer Elec. & Const. v. Mantia***, 96 A.3d 989, 994 (Pa. 2014). "Under [the rules of statutory construction], we must interpret and construe the challenged statute in a manner that ascertains and effectuates the full intention of the legislature." ***Id.*** (citation omitted).  "When the words of a statute are clear

and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b).

"However, in situations where the words of a statute are not explicit, the legislature's intent may be determined by considering any of the factors enumerated in Section 1921(c)." *Snyder Bros., Inc. v. Penn. Pub. Util. Comm'n.*, 198 A.3d 1056, 1071 (Pa. 2018) (quotation marks and citations omitted).[2] "[W]e are required to interpret or construe a statute so as to give effect to all of its provisions, if possible." *Id.* (quotation marks and citation omitted). Where statutory provisions "relate to the same persons or things or to the same class of persons or things," they must be construed *in pari materia*, "together, if possible, as one statute." 1 Pa.C.S.A. § 1932(a)-(b).

Again, the PFA Act is meant to provide protection against "abuse," which is defined in the Act, in relevant part, as conduct which puts a person in "reasonable fear of bodily injury." 23 Pa.C.S.A. § 6102(a). The definition contemplates a single act which places "another in reasonable fear of imminent serious bodily injury," or "a course of conduct" toward another person which places the person "in reasonable fear of bodily injury." *Id*. This definition applies to the entirety of the PFA Act. *See id*. ("The following words

---

[2] Under subsection 1 Pa.C.S.A. § 1921(c), there are several enumerated tools of construction, including the purpose of the statute, legislative history, and prior law.

- 7 -

and phrases when used in this chapter shall have the meanings given to them in this section unless the context clearly indicates otherwise[.]").

An extension of a PFA order may be granted if the court finds that the defendant has "committed one or more acts of abuse subsequent to the entry of the final order or that the defendant engaged in a pattern or practice that indicates a continued risk of harm to the plaintiff, minor child or companion animal." 23 Pa.C.S.A. § 6108(e)(1)(i). "There shall be no limitation on the number of extensions that may be granted." 23 Pa.C.S.A. § 6108(e)(3).

Reading these related statutory provisions together, *in pari materia*, it is apparent that the General Assembly could not have intended to impose an objective standard for the initial issuance of a PFA order, but then, by implication, impose a subjective standard for unlimited extensions of such an order. Categorizing conduct in this fashion, by subtle implication, would be inconsistent with the stated purpose of the entire Act – to protect against "abuse." Orders entered by courts under the authority of the PFA Act are referred to in the Chapter as "protection from abuse" orders. Since "abuse" is specifically defined, and the definition applies with respect to the entire chapter, I do not see how such orders could have been meant to relate to something other than "abuse."

I would add further that there is no cogent reason, why, under section 6108(e)(1)(i), a plaintiff would bear the burden of an objective standard to prove "one or more acts of abuse subsequent to the entry of a final order,"

but then have the option of satisfying a more lenient, subjective standard to prove that the defendant "engaged in a pattern or practice that indicates a continued risk of harm." Had the General Assembly intended for the test in section 6108(e)(1) to be partly subjective and partly objective, it would have stated the two standards explicitly, and not left it to innuendo.[3]

Thus, because I would find that the PFA Act requires the plaintiff to show an objectively reasonable fear of bodily injury or continued risk of harm in order to justify an extension of a protective order under 23 Pa.C.S.A. § 6108(e)(1)(i), I must respectfully dissent.[4]

_____

[3] Any number of formulations could have been used to specify that something other than the defined forms of "abuse" could be sufficient to warrant an extension of a PFA order. The General Assembly instead elected to describe the "pattern or practice" needed to justify an extension in a way that mirrored the "course of conduct" language of the PFA Act's definition of "abuse."

[4] Chanieka Nelson has cited two non-precedential decisions for the proposition that a trial court may rely on "non-abusive" behavior as grounds to grant an extension of a protective order under the PFA Act. *See* Appellant's Brief, at 10-12 (discussing ***Jones v. Jones***, No. 1647 MDA 2021 (Pa. Super. filed April 25, 2022) (unpublished memorandum), and ***A.S. v. Smeltzer***, No. 664 MDA 2023 (Pa. Super. filed October 12, 2023) (unpublished memorandum)). First, neither of these unpublished decisions are controlling authority. Second, both cases recognized that an extension of a PFA order may be supported by evidence of a defendant's "pattern or practice that indicates continued risk of harm," *i.e.*, failing to heed a court order to receive psychiatric treatment. And in both cases, the courts seemed to apply an objective test to discern whether such conduct posed a reasonable risk of continued harm. In neither case did the court consider whether the risk of harm could be established by the plaintiff's subjective fear, making both cases inapposite. Even accepting that these cases construed the "continued risk of harm" conduct to be something other than "abuse," the present issue was not before those panels; further, it may have simply been overlooked that a defined form of abuse in the PFA Act

*(Footnote Continued Next Page)*

_____

includes "engaging in a course of conduct or repeatedly committing acts toward another person . . . under circumstances which place the person in reasonable fear of bodily injury." 23 Pa.C.S.A. § 6102(a).